UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JURIJUS KADAMOVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:23-cv-00270-MPB-MJD |
| ) | |
| FEDERAL BUREAU OF PRISONS (BOP), ) | |
| COLLETTE PETERS, ) | |
| STEVEN KALLIS, WARDEN USP TERRE ) | |
| HAUTE, ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT

Pursuant to the Court's June 11, 2025, Order [Dkt. 109], Plaintiff, Jurijus Kadamovas, and Defendants, the Federal Bureau of Prisons; William K. Marshall, in his official capacity as the Director of the Federal Bureau of Prisons ("BOP"); and Joseph Wadas, in his official capacity as Acting Warden of the U.S. Penitentiary in Terre Haute ("USP Terre Haute"),[1] by their respective counsel, respectfully submit the following status report:

1.    On January 29, 2025, after Mr. Kadamovas's death sentence was commuted to a life sentence, the parties jointly moved to stay proceedings. [Dkt. 101.] The Court granted that motion, staying the case and ordering the parties to file a joint status report within 60 days. [Dkt. 102.] About six weeks later, Mr. Kadamovas's court-appointed attorneys moved for leave to withdraw their appearances, which the Court granted. [*See* Dkts. 103-04.] At the time the first joint status report was due, Mr. Kadamovas did not have representation in this matter. As such,

---

[1] William K. Marshall is now the Director of the BOP, and Joseph Wadas is now the Acting Warden at USP Terre Haute. Pursuant to Federal Rule of Civil Procedure 25(d), the Court may automatically substitute them as defendants in place of former BOP Director Collete Peters and former USP Terre Haute Warden Steven Kallis. *See* Fed. R. Civ. P. 25(d).

on April 1, 2025, Defendants filed the status report unilaterally. [Dkt. 107.] On June 2, 2025, the undersigned appeared for Mr. Kadamovas, and Mr. Kadamovas has moved to lift the stay. [*See* Dkts. 108, 110.] Defendants have opposed the lifting of the stay. [*See* Dkt. 112.]

2. Mr. Kadamovas remains incarcerated at the United States Penitentiary in Terre Haute.

3. Defendants represent that on or about May 30, 2025, after a hearing during which Mr. Kadamovas was present and made a statement, Mr. Kadamovas was approved for designation at the Administrative Maximum Facility at the United States Penitentiary in Florence, Colorado ("ADX Florence"). Mr. Kadamovas appealed that designation via the filing of a BP-10 received by the BOP Designation and Sentence Computation Center on or about June 13, 2025. On or about July 9, 2025, the BOP denied Mr. Kadamovas's appeal. Mr. Kadamovas's appeal of that denial via the filing of a BP-11 is due on or about August 8, 2025. Assuming Mr. Kadamovas appeals the response to his BP-10 in a properly submitted BP-11, the BOP's response would be due within 40 calendar days, plus an extension of 20 days, if needed. *See* 28 C.F.R. § 542.18.

4. Plaintiff represents that, on July 16, 2025, he submitted his appeal of BOP's denial to the Office of General Counsel via U.S. postal mail.

5. In April 2025, Mr. Kadamovas and other plaintiffs incarcerated in federal "Special Confinement Units" filed a Complaint against several government officials in the U.S. District Court for the District of Columbia. *See Taylor v. Trump*, No. 1:25-cv-01161-TJK (D.D.C.). The lawsuit challenges the transfer of persons incarcerated on federal death sentences to ADX Florence, under administrative and constitutional claims. Dkt. 1, No. 1:25-cv-01161-TJK, ¶¶ 126-203; *see generally id.*; *see also* Dkt. 111 at 3 (citing Dkt. 1, No. 1:25-cv-01161-

2

TJK).  At the end of May, the Court denied plaintiffs' motion for preliminary injunction in that case. Dkt. 50, No. 1:25-cv-01161-TJK.  Defendants' answer or response to the complaint in *Taylor* is due on August 7, 2025. June 18, 2025 Minute Order, No. 1:25-cv-01161-TJK.

6. As further described in the Parties' briefing on Plaintiff's Motion to Lift the Stay (Dkts. 110-113], Plaintiff alleges there have been three incidents, since the stay was issued, where Plaintiff asserts that Defendants opened legal mail outside of his presence. Dkt. 111, 2-3 (detailing incidents on May 6, May 12, and June 16, 2025). Plaintiff has submitted administrative grievances on all three of these incidents.

7. As set forth in their respective briefing [*see* Dkts. 110-113], the parties disagree as to whether the stay in this case should be continued and will await the Court's ruling on this issue.

                                      Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

| | | |
|---|---|---|
| By: | *s/ Gina M. Shields* | *s/ Natalie A. Lyons*  (with permission) |
| | Gina M. Shields | Natalie A. Lyons |
| | Assistant United States Attorney | COHEN & MALAD, LLP |
| | U.S. Attorney's Office | One Indiana Square |
| | Southern District of Indiana | Suite 1400 |
| | 10 W. Market St, Suite 2100 | Indianapolis, IN 46204 |
| | Indianapolis, IN 46204 | nlyons@cohenandmalad.com |
| | Gina.Shields@usdoj.gov | |
| | *Counsel for Defendants* | *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, a copy of the foregoing *Joint Status Report* was filed electronically. Service of this filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system:

Natalie A. Lyons
COHEN & MALAD, LLP
nlyons@cohenandmalad.com

                                          *s/ Gina M. Shields*
                                          Gina M. Shields
                                          Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204